[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Continental Motors, brings this action against the defendant, Joseph Mirsky, to recover the cost of repairs on defendant's 1984 Mercedes Benz.
The defendant leased his 1984 Mercedes Benz from plaintiff. Defendant had a long relationship with plaintiff and with plaintiff's service manager.
The court finds that defendant took his car to Continental Motors on December 19, 1989 and requested normal maintenance, lube, oil change and filter. He also wanted a door lock installed. The lock had been ordered during a previous service visit on November 28, 1989. On December 19, 1989, defendant also told the service manager that the engine would race when he placed his foot on the accelerator.
The service manager wrote up a work order to include the above requests and had plaintiff sign it. The work order did not contain any cost figures.
On December 19, 1989, there also appears to have been a discussion regarding the car's catalytic converter. The defendant's wife had recently had to replace the catalytic CT Page 6932 converter on her car.
The defendant felt that if he needed a new catalytic converter it should be covered under the warranty.
The service manager testified that during the morning of December 19th, the then shop foreman performed a diagnostic check on the vehicle. The result showed a defective catalytic converter. A third person ordered parts and the then shop foreman estimated the time to do the required work.
The cost of repairs, parts and labor, was put on a work order form and reviewed by the plaintiff's service manager. The service manager testified that he spoke to Mr. Mirsky on December 19, 1989 at 11:45 a.m. and told him the estimated cost to repair the car would be $3800.00. The service manager said that Mr. Mirsky, during the 11:45 a.m. conversation, again expressed concern regarding the catalytic converter but did authorize Continental Motors to do the work.
The service manager called the Mercedes Benz warranty people and they confirmed that the catalytic converter was not under warranty. The plaintiff gave defendant a discount on the cost of the converter.
The shop foreman testified that he was present and heard the service manager talk with Mr. Mirsky on December 19, 1989 at 11:45 a.m. He also confirmed the estimated cost of $3,800.00 was given to Mr. Mirsky.
The defendant testified that prior to December 19, 1989, his outstanding balance with Continental Motors was $1501.58.
The court finds that there was no evidence introduced regarding plaintiff's legal fees. In closing arguments plaintiff's counsel stated that he expended forty-two hours at a billing rate of $195.00 per hour.
The general rule of law knows as the "American rule" is that attorney's fees and ordinary expenses and burdens of litigation are not allowed to the successful party absent a contractual or statutory exception. Marsh, Day Calhoun v. Solomo, 204 Conn. 639.
The only evidence of a document signed by Joseph Mirsky was the December 19, 1989 work order (Plaintiff's Exhibit "A") which CT Page 6933 does not refer to cost of collection. The two page parts list attached to Exhibit "A" and dated December 20, 1989, states: "It is agreed that cost of collection and an attorney's fee shall be added to the sum due and shall be paid as a part thereof." There was no evidence that defendant had signed or had ever seen such an agreement.
Judgment is entered for the plaintiff in the amount of $5,539.65, plus interest at the legal rate, Connecticut General Statutes § 37-1, from December 28, 1989.
Dated at Bridgeport Connecticut this 6th of June, 1995
RICHARD J. TOBIN, JUDGE